OPINION
In November of 1993, appellee Crestview Local School District hired an auctioneer to sell a school building which the district no longer needed. The auction was held on January 15, 1994. Appellants Robert and Lin Keener purchased the property at the auction for $64,000.
Appellants later stopped payment on their down payment check on the school building. Appellants had discovered that asbestos was present in the school building.
Appellee brought the instant action seeking specific performance of the contract of sale, or in the alternative, money damages. Following bench trial in the Richland County Common Pleas Court, the court found that because the property was sold "as is," the sale was governed by the doctrine of caveat emptor. The court found no evidence of fraud. Accordingly, the court ordered specific performance of the sale of the building for $64,000. This judgment was affirmed by this court on September 27, 1995.
On October 20, 1995, appellee sought to hold appellants in contempt of court, for failing to perform pursuant to the contract. The motion was overruled.
Appellee resold the building for $6,000. Appellee filed a motion to convert the judgment for specific performance to one for money damages, seeking damages in the amount of $58,000. On August 28, 1996, the Richland County Common Pleas Court granted the motion, entering judgment in favor of appellee for $58,000.
On July 2, 1997, we vacated the judgment in favor of appellee. Board of Education, Crestview Local School District vs.Keener (July 2, 1997), Richland App. No. 96-CA-88, unreported.
Appellant then filed a motion for relief from judgment pursuant to Civ.R. 60 (B). The court overruled the motion. Appellant assigns two errors on appeal.
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT FILED PURSUANT TO CIVIL RULE 60 (b) (5) WHERE THE COURT HAD PREVIOUSLY GRANTED IN SUBSTANCE THE SAME RELIEF IN RESPONSE TO A MOTION TO CONVERT A JUDGMENT FOR SPECIFIC PERFORMANCE INTO A JUDGMENT FOR DAMAGES WHICH WAS VACATED UPON APPEAL.
 II. THE TRIAL COURT ERRED WHEN IT OVERRULED APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT WITHOUT HOLDING AN EVIDENTIARY HEARING AND ALLOWING APPELLANT THE OPPORTUNITY TO PRESENT ADDITIONAL EVIDENCE IN SUPPORT OF ITS MOTION.
To prevail on a motion brought pursuant to Civ.R. 60 (B), the movant must demonstrate that the party has a meritorious defense or claim to present if relief is granted, the party is entitled to relief under one of the grounds stated in Civ.R. 60 (B) (1)-(5), and the motion is made within a reasonable time. GTE AutomaticElectric vs. Arc Industries (1976), 47 Ohio St.2d 186.
In the previous appeal, we held that the court did not have jurisdiction to entertain the motion to convert the judgment to specific performance to money damages. We concluded that Civ.R. 60 provides the sole procedure available to a party seeking to vacate and change the judgment of the trial court. However, we did not rule on the merits of a Civ.R. 60 (B) motion.
The court did not err in denying the motion for relief from judgment pursuant to Civ.R. 60 (B) (5). As noted by the court, appellant elected to sell the property to another party, rather than to convey the property to appellees and take an enforceable judgment for the purchase price against them. Appellant does not allege error in the previous specific performance order. Rather, appellant contended that new events, occurring after the original case was decided, entitled appellant to different relief. The trial court correctly found that the requested relief constituted a new cause of action, rather than a situation justifying relief from judgment pursuant to Civ.R. 60 (B).
The first Assignment of Error is overruled.
 II.
The court did not err in overruling the motion without a hearing. The sole issue was whether the grounds for relief constituted a valid basis for relief from judgment pursuant to Civ.R. 60 (B) (5). The issue before the court was solely a question of law. In addition, the court heard abundant evidence during the protracted history of the instant case, and appellant has cited no evidence which would further support its claim for relief.
The second Assignment of Error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
Reader, J., Farmer, P. J. and Wise, J. concur.